IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN W. STONE OIL DISTRIBUTOR, LLC** | | **PLAINTIFF** |
| v. | | CAUSE NO. 122CV151-LG-RPM |
| **M/V DANA K, her engines, tackle, furniture, apparel, appurtenances, etc., in rem** | | **DEFENDANT** |

### ORDER DENYING MOTION TO SCRAP THE VESSEL AND MOTION TO EXPEDITE HEARING

**BEFORE THE COURT** are the [23] Motion to Scrap the Vessel and the [24] Motion to Expedite Hearing on Motion to Scrap the Vessel filed by Plaintiff John W. Stone Oil Distributor, LLC, in this lawsuit filed pursuant to the Commercial Instruments and Maritime Liens Act ("CIMLA"), 46 U.S.C. § 31341, et seq. Claimant and Vessel Owner William Ladnier has filed a response in opposition to the Motion to Scrap the Vessel but did not respond to the Motion to Expedite Hearing. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that both motions should be denied.

### DISCUSSION

Plaintiff alleges that it provided diesel fuel and other necessaries to the vessel M/V DANA K while the vessel was operated by Dauphin Marine Transportation and owned by H&K Marine Services, Inc. Plaintiff filed a Verified Complaint against the vessel *in rem* pursuant to CIMLA, and the United States Marshals arrested the vessel. This Court entered an Order granting Plaintiff's

Motion for Interlocutory Sale, ordering the vessel to be sold at a judicial auction by the United States Marshals with a minimum bid of $300,000.00. Soon afterwards, Ladnier filed a Verified Claim of Owner but did not post security for release of the vessel.

The United States Marshals conducted the judicial auction, but no bidders were present who were willing to place the minimum bid. The parties agree that the vessel is in poor condition and pumps are required to remove water from the vessel in an attempt to protect its diesel engines. Plaintiff now asks the Court for permission to scrap the vessel. Ladnier opposes the Motion, arguing that Plaintiff should not be permitted to take possession of and scrap the vessel until the validity of Plaintiff's claim has been determined.

Plaintiff has not cited any authority that permits a court to order that a vessel be scrapped, and the Court has not located any such authority. Rule E(9)(a) Supplemental Rules for Admiralty or Maritime Claims provide that a court may order an interlocutory sale of a vessel under certain circumstances or enter an order releasing the vessel to the movant upon payment of security, but the Supplemental Rules do not discuss circumstances in which a court can grant a claimant possession so that the vessel can be scrapped. Absent legal authority, the Court finds that the [23] Motion to Scrap the Vessel and the [24] Motion to Expedite Hearing on Motion to Scrap Vessel filed by Plaintiff John W. Stone Oil Distributor, LLC, must be denied.

-3-

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [23] Motion to Scrap the Vessel and the [24] Motion to Expedite Hearing on Motion to Scrap Vessel filed by Plaintiff John W. Stone Oil Distributor, LLC, are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of November, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE