IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JOHN W. STONE OIL DISTRIBUTOR, LLC | PLAINTIFF |
| v. | CAUSE NO. 1:22CV151-LG-RPM |
| M/V DANA K, her engines, tackle, furniture, apparel, appurtenances, etc., in rem | DEFENDANT |

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the [29] Motion for Summary Judgment filed by Plaintiff John W. Stone Oil Distributor, LLC, in this lawsuit filed pursuant to the Commercial Instruments and Maritime Liens Act ("CIMLA"), 46 U.S.C. § 31341, et seq. Claimant and Vessel Owner William Ladnier did not file a response in opposition to the Motion, but Plaintiff submitted a reply. After reviewing the Motion and supporting documents, the record in this matter, and the applicable law, the Court finds that Plaintiff is entitled to summary judgment.

### BACKGROUND

Plaintiff alleges that it provided diesel fuel and other necessaries to the vessel M/V DANA K while the vessel was operated by Dauphin Marine Transportation and owned by H&K Marine Services, Inc. Plaintiff filed a Verified Complaint against the vessel *in rem* pursuant to CIMLA, and the United States Marshals arrested the vessel. This Court entered an Order granting Plaintiff's Motion for Interlocutory Sale, ordering the vessel to be sold at a judicial auction by

the United States Marshals with a minimum bid of $300,000.00. Soon afterwards, Ladnier filed a Verified Claim of Owner but did not post security for release of the vessel. The United States Marshals conducted the judicial auction, but no bidders were present who were willing to place the minimum bid.

Plaintiff now seeks summary judgment. It seeks confirmation that it has a maritime lien on the M/V DANA K and that it is entitled to recover expenses incurred in maintaining and preserving the vessel since its arrest. The validity of the separate claim of vessel owner William Ladnier is not currently before the Court.

## DISCUSSION

### I. MARITIME LIEN

CIMLA provides that:

a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner (1) has a maritime lien on the vessel; (2) may bring a civil action in rem to enforce the lien; and (3) is not required to allege or prove in the action that credit was given to the vessel.

46 U.S.C. § 31342. "'[N]ecessaries' includes repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301(4). Necessaries "are items useful to vessel operations and necessary to keep the ship going." *Cent. Boat Rentals, Inc. v. M/V Nor Goliath*, 31 F.4th 320, 323 (5th Cir. 2022).

Plaintiff has provided a declaration signed by its Chief Financial Officer, Claudette Vallette, who testifies that Charles "Sam" Kinzeler and Billy W. Haney "held themselves out as the owners of the M/V DANA K and/or Dauphin Marine

Transportation, LLC and/or H&K Marine Services, LLC." (Pl.'s Mem., Ex. A at 1-2, ECF No. 30-1). She identifies three invoices Plaintiff issued to Dauphin Marine that remain outstanding. (*Id.*; *see also* Pl.'s Mem., Ex. B, ECF No. 30-2). Invoice IC 94024 sought payment in the amount of $11,103.00 for the supply of 3,000 gallons of Diesel #2, Ultra Low S, Dyed. (Def.'s Mem. at 1, Ex. B, ECF No. 30-2). Invoice BC96875 sought payment in the amount of $58,123.00 for the supply of 13,000 gallons of Diesel #2, Ultra Low S, Dyed. (*Id.* at 4). Invoice CN98010 sought payment in the amount of $40,738.60 for trash disposal, 10,000 gallons of Diesel #2 Ultra Low S, Dyed, and 20 gallons of Shell Rotella T1 40. (*Id.* at 7). She further testifies that Plaintiff frequently conferred with Kinzeler about the amount of money owed, and Kinzeler did not object to the quality of the fuel or otherwise dispute the charges. (Def.'s Mem., Ex. A at 2). The total amount outstanding for the fuel provided is $106,264.28. (*Id.*)

Claimant and Vessel Owner William Ladnier has not disputed that the fuel and other services and supplies provided to the M/V DANA K were "necessaries" under CIMLA. He also does not contest that Plaintiff has a lien on the M/V DANA K in the amount of $106,264.28 pursuant to CIMLA.

The Court finds that the diesel fuel, trash disposal, and Shell Rotella were "necessaries" under CIMLA because these supplies and services were necessary to the vessel's operation. Plaintiff has demonstrated that it has a lien in the amount of $106,264.28 on the M/V DANA K under CIMLA.

## II.  *CUSTODIA LEGIS*

The Fifth Circuit has held:

> Generally, services or property advanced to preserve and maintain the vessel under seizure, furnished upon authority of the court or of an officer of the court should be allowed as *custodia legis* expenses.  Even if such expenditures are made absent a court order, *custodia legis* expenses may be ordered by the court if equity and good conscience so require.

*Associated Metals & Mins. Corp. v. ALEXANDER'S UNITY MV*, 41 F.3d 1007, 1018 (5th Cir. 1995) (internal citations and quotation marks omitted).

On June 17, 2022, the Court appointed National Maritime Services, Inc. as the substitute custodian for the M/V DANA K.  Plaintiff's Chief Financial Officer, Claudette Vallette, has testified that Plaintiff "has been solely responsible for payment of the Substitute Custodian, National Maritime Services, LLC's . . . *custodia legis* expenses, which accrue daily." (Def.'s Mem., Ex. A at 2).  Plaintiff has submitted a summary of charges prepared by National Maritime Services reflecting that, as of November 16, 2022, Plaintiff had incurred $112,790.75 in expenses. (Pl.'s Reply, Ex. A, ECF No. 33-1).  The Court finds that Plaintiff's expenses incurred in an effort to preserve and maintain the vessel since its arrest constitute *custodia legis* for which it is entitled to recover from any sale of the vessel.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is granted.  Plaintiff has a lien in the amount of $106,264.28 on the M/V DANA K under CIMLA.  Plaintiff is also entitled to recover *custodia legis* expenses incurred to preserve and maintain the vessel since its arrest on June 17, 2022.  As of

November 16, 2022, these *custodia legis* expenses totaled $112,790.75. Since Plaintiff has demonstrated that these expenses continue to accrue daily, Plaintiff is entitled to recover additional *custodia legis* expenses incurred after November 16, 2022. Plaintiff is also entitled to recover prejudgment interest at the legal rate established under 28 U.S.C. § 1961. *See in re M/V Nicole Trahan*, 10 F.3d 1190, 1197 (5th Cir. 1994).

The merits of the separate claim filed by the vessel owner William Ladnier are not currently before the Court. As a result, that claim remains pending at this time.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [29] Motion for Summary Judgment filed by Plaintiff John W. Stone Oil Distributor, LLC, is **GRANTED**. Plaintiff is instructed to submit a proposed judgment in accord with Fed. R. Civ. P. 54(b) to the Court containing the final amount owed in accordance with this ruling.

**SO ORDERED AND ADJUDGED** this the 4th day of December, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE